**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

Oliver Wyman Actuarial Consulting, Inc., :

                              Plaintiff,            Civil Action No. 22-cv-10206

-- v. --                                                **COMPLAINT**

GloriFi Insurance Holding Company, LLC :
and GloriFi Managing General Agency, LLC,

                           Defendants. :

------------------------------------------------------- x

      Plaintiff Oliver Wyman Actuarial Consulting, Inc. ("Oliver Wyman" or "Plaintiff"), by and through its attorneys, as and for its Complaint against Defendants GloriFi Insurance Holding Company, LLC ("GloriFi Insurance") and GloriFi Managing General Agency, LLC ("GloriFi Agency," and, collectively with GloriFi Insurance, "GloriFi" or "Defendants"), alleges as follows:

## INTRODUCTION

      1.     This action arises from GloriFi's breach of its agreements to pay for actuarial and other consulting services provided by Oliver Wyman. The parties entered into agreements on December 10, 2021, January 8, 2022 and February 14, 2022, whereby Oliver Wyman agreed to provide various services, and GloriFi agreed to pay Oliver Wyman's invoices for such services within thirty days of receipt (collectively, the "Agreements"). Oliver Wyman fully performed the specified work pursuant to the Agreements, and in fact received expressions of gratitude by GloriFi for work well done. GloriFi paid Oliver Wyman's first invoice in January 2022 in the

amount of $107,826. With over $1 million still outstanding, Oliver Wyman received no further payment from GloriFi thereafter.

2. Following several attempts by Oliver Wyman to remind GloriFi of its payment obligation and persuade it to pay Oliver Wyman for work pursuant to the Agreements, Oliver Wyman brings this action to recover compensation for the services that GloriFi requested and agreed to pay for and that Oliver Wyman provided, in addition to applicable interest. Oliver Wyman also seeks reasonable attorneys' fees and all other appropriate remedies for GloriFi's failure to compensate Oliver Wyman for the services that GloriFi agreed to pay for and that Oliver Wyman provided.

**PARTIES**

3. Plaintiff Oliver Wyman is a corporation organized and existing under the laws of Delaware with a principal place of business at 1166 Avenue of the Americas, New York, New York 10036. Oliver Wyman provides actuarial consulting services in the three primary areas of risk: healthcare, life and annuity, and property and casualty.

4. GloriFi Insurance is a limited liability company organized and existing under the laws of Texas.

5. Upon information and belief, GloriFi Insurance has a principal place of business at 11700 Preston Road in Dallas, Texas 75230, and its member(s) reside(s) in the State of Texas.

6. GloriFi Agency is a limited liability company organized and existing under the laws of Texas.

7. Upon information and belief, GloriFi Agency has a principal place of business at 11700 Preston Road in Dallas, Texas 75230, and its member(s) reside(s) in the State of Texas.

**JURISDICTION AND VENUE**

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties.

9.   Plaintiff Oliver Wyman is a corporation organized and existing under the laws of Delaware with a principal place of business in New York.

10.  GloriFi Insurance and GloriFi Agency are limited liability companies organized under the laws of Texas, and upon information and belief, both entities have a principal place of business in Texas.

11.  Upon information and belief, the LLC members of GloriFi Insurance and GloriFi Agency are located in the State of Texas.

12.  The amount in controversy exceeds $75,000.

13.  This Court has personal jurisdiction over Defendants.  Defendants regularly conduct business in and have regular systemic contacts with New York, including contacts related to the Agreements.

14.  Venue is proper in this Court under 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving rise to the claims occurred in New York, New York.

15.  In addition, the parties expressly agreed in the Agreements to submit to the exclusive jurisdiction of the Courts located in the State of New York.

**FACTUAL BACKGROUND**

16.  On or around December 10, 2021, the parties agreed pursuant to a letter agreement entered into between GloriFi Insurance and Oliver Wyman that Oliver Wyman would prepare for GloriFi rate filings for homeowners insurance and automobile insurance in eight (8) states.  A copy of the December 10, 2021 letter agreement is attached here to at **Exhibit 1**.

17. Pursuant to the letter agreement dated December 10, 2021, GloriFi agreed to compensate Oliver Wyman for such services on a time and material basis according to an hourly rate table provided in the agreement, in addition to expenses and sales taxes, within thirty days of receipt of Oliver Wyman's invoices. Ex. 1 at 3.

18. On or around January 8, 2022, the parties agreed pursuant to a letter agreement entered into between GloriFi Agency and Oliver Wyman that Oliver Wyman would assist GloriFi in responding to Department of Insurance objections related to filings that Oliver Wyman had prepared for GloriFi. A copy of the January 8, 2022 letter agreement is attached hereto at **Exhibit 2**.

19. Pursuant to the letter agreement dated January 8, 2022, GloriFi agreed to compensate Oliver Wyman for such services on a time and material basis according to an hourly rate table provided in the agreement, in addition to expenses and sales taxes, within thirty days of receipt of Oliver Wyman's invoices. Ex. 2 at 2.

20. On or around February 14, 2022, the parties agreed pursuant to a letter agreement entered into between GloriFi Insurance and Oliver Wyman that Oliver Wyman would develop "Excel raters" for certain homeowners insurance and personal automobile insurance products, among other services if needed. A copy of the February 14, 2022 letter agreement is attached hereto at **Exhibit 3**.

21. Pursuant to the letter agreement dated February 14, 2022, GloriFi agreed to compensate Oliver Wyman for such services on a time and material basis according to an hourly rate table provided in the agreement, in addition to expenses and sales taxes, within thirty days of receipt of Oliver Wyman's invoices. Ex. 3. at 1-2.

22. Oliver Wyman fully performed all of the work as described in the Agreements dated December 10, 2021, January 8, 2022 and February 14, 2022.

23. On or around January 2022, Oliver Wyman invoiced GloriFi for approximately $107,826, which amount GloriFi paid.

24. Beginning on or around February 16, 2022 and ending on or around June 14, 2022, Oliver Wyman issued eleven (11) additional invoices via letter to Jim Schoenfelt of GloriFi (the "Invoices") for a total of $1,047,616.25 (the "Invoiced Amount"). Copies of the Invoices are attached hereto at **Exhibit 4**.

25. On or around May 2, 2022, Rich Babel of Oliver Wyman agreed with Jim Shoenfelt of GloriFi, that GloriFi would pay $150,000 monthly to settle payment owed.

26. At no point did GloriFi object to or otherwise contest any of the contents of the Invoices.

27. Oliver Wyman did receive expressions of gratitude from GloriFi for the work that it performed pursuant to the Agreements.

28. GloriFi has not paid any portion of the Invoiced Amount that it owes to Oliver Wyman.

29. On or around June 14, 2022, Rich Babel of Oliver Wyman reached out to GloriFi to follow up on payment.

30. On or around August 17, 2022, Rich Babel of Oliver Wyman sent a business demand letter (the "Business Demand Letter") via email to Darrell Beaton of GloriFi, with a copy to Jin Kang and Tanya Wallace of GloriFi, to follow up on the payment of Invoices, providing a detailed table of the project name, invoice number, invoice date and bill amount for each invoice, and requesting payment in full by September 16, 2022.

31. On August 25, 2022, Rich Babel of Oliver Wyman emailed Jonathan Pennington of GloriFi regarding the Invoices, and included the Business Demand Letter and the Invoices as an attachment.

32. On September 26, 2022, Laurén Rauch, Senior Counsel for Oliver Wyman, sent a legal demand letter (the "Legal Demand Letter") via Federal Express and email to Jonathan Pennington of GloriFi to demand payment for the Invoices, setting a deadline of October 10, 2022, for payment of the Invoiced Amount. On October 4, 2022, Laurén Rauch sent a follow-up copy of the Legal Demand Letter via UPS and email, again demanding payment by October 10, 2022.

33. Oliver Wyman has received no substantive response to any of the above-described correspondence, nor any other communication from GloriFi regarding the Invoices.

## COUNT I – BREACH OF CONTRACT

34. Oliver Wyman repeats and realleges all of the allegations in all of the paragraphs above as though fully set forth herein.

35. Oliver Wyman and GloriFi have valid contracts (the Agreements) for providing rate filing and related services to GloriFi.

36. By their terms, the Agreements are governed by the laws of the State of New York.

37. Pursuant to the Agreements, Oliver Wyman provided all services specified in the Agreements.

38. Oliver Wyman has received expressions of gratitude from GloriFi for the services it provided in relation to the Agreements.

39. Pursuant to the Agreements, GloriFi was required to pay the Invoices within thirty days of receiving such invoices.

40. Pursuant to the Agreements, Oliver Wyman issued the Invoices for a total of $1,047,616.25.

41. GloriFi has not paid any portion of the Invoiced Amount that it owes to Oliver Wyman.

42. GloriFi's failure to pay Oliver Wyman constitutes a breach of the Agreements, resulting in damage to Oliver Wyman in the amount of $1,047,616.25.

## COUNT II – ACCOUNT STATED

43. Oliver Wyman repeats and realleges all of the allegations in all of the paragraphs above as though fully set forth herein.

44. In or around January 2022, Oliver Wyman had invoiced GloriFi for approximately $107,826 for work done pursuant to the Agreements, which amount GloriFi paid.

45. Beginning on or around February 16, 2022 and ending on or around June 14, 2022, Oliver Wyman presented to GloriFi the Invoices for a total of $1,047,616.25.

46. On or around May 2, 2022, Rich Babel of Oliver Wyman agreed with Jim Shoenfelt of GloriFi, that GloriFi would pay $150,000 monthly to settle payment owed.

47. On or around June 14, 2022, Rich Babel of Oliver Wyman reached out to GloriFi to follow up on payment.

48. On or around August 17, 2022, Rich Babel of Oliver Wyman sent the Business Demand Letter via Federal Express and email to Darrell Beaton of GloriFi, with a copy to Jin Kang and Tanya Wallace of GloriFi, to follow up on the payment of Invoices, providing a

detailed table of the project name, invoice number, invoice date and bill amount for each invoice, and requesting payment in full by September 16, 2022.

49. On August 25, 2022, Rich Babel of Oliver Wyman emailed Jonathan Pennington of GloriFi regarding the Invoices.

50. On September 26, 2022, Laurén Rauch, Senior Counsel for Oliver Wyman, sent the Legal Demand Letter via Federal Express and email to Jonathan Pennington of GloriFi to demand payment for the Invoices, setting a deadline of October 10, 2022, for payment of the Invoiced Amount. On October 4, 2022, Laurén Rauch sent a follow-up delivery of the Legal Demand Letter via UPS and email, again demanding payment by October 10, 2022.

51. GloriFi has kept the Invoices without objecting to any portion or aspect of the Invoices at any time, thus manifesting its promise to pay the Invoices and its assent as to the accuracy of the Invoices.

52. GloriFi is indebted to Oliver Wyman in the amount of $1,047,616.25 upon an account stated between them.

53. GloriFi has not paid Oliver Wyman the amount owed under the account.

54. Oliver Wyman has thus been damaged in the amount of $1,047,616.25 plus interest under the doctrine of account stated.

## COUNT III – PROMISSORY ESTOPPEL
### (In the Alternative to Breach of Contract)

55. Oliver Wyman repeats and realleges all of the allegations in all of the paragraphs above as though fully set forth herein.

56. GloriFi made clear, unambiguous, specific and definite promises to pay for Oliver Wyman to perform certain rate filing and related services for a total value of $1,047,616.25.

57. Oliver Wyman foreseeably and reasonably relied to its detriment on GloriFi's promises, by committing personnel, time and resources to performing the services requested by GloriFi, when such personnel, time and resources could have been devoted to other clients' projects and requests.

58. As a direct and proximate result of Oliver Wyman's reliance on GloriFi's assurances, Oliver Wyman suffered damages in terms of (1) having committed and paid for personnel and resources in order to perform the services requested by GloriFi rather than perform services for other clients, (2) costs and expenses in having to prepare and send letters and emails to GloriFi in an attempt to persuade it to fulfill its promises and thereby avoid legal proceedings, and (3) costs and expenses in the filing of this action and otherwise, in an amount as yet to be ascertained, all to be determined before or at the time of trial.

59. Conversely, to date GloriFi has not paid for any of the services that it requested and has not suffered damages.

60. Enforcement of GloriFi's promises is necessary to avoid an injustice.

## COUNT IV – UNJUST ENRICHMENT
### (In the Alternative to Breach of Contract)

61. Oliver Wyman repeats and realleges all of the allegations in all of the paragraphs above as though fully set forth herein.

62. Pursuant to the parties' communications in December 2021 through May 2022, GloriFi requested that Oliver Wyman perform certain services and agreed to pay for such services.

63. Oliver Wyman performed all such services as requested and agreed to by GloriFi.

64. GloriFi has received the benefit of all such services performed by Oliver Wyman, and in fact has expressed its gratitude and satisfaction with the services.

65. GloriFi has failed to pay the amount it owes to Oliver Wyman as a result of Oliver Wyman's performance of such services.

66. GloriFi has been unjustly enriched at the expense of Oliver Wyman by its receipt of such services without having paid for them.

67. The circumstances are such that equity and good conscience require GloriFi to make full restitution to Oliver Wyman.

## PRAYER FOR RELIEF

WHEREFORE, Oliver Wyman requests that the Court:

68. Adjudge and decree that GloriFi is liable for breach of contract, accounts stated, promissory estoppel and/or unjust enrichment as alleged herein;

69. Enter judgment against GloriFi that awards Oliver Wyman an amount of damages equal to the Invoiced Amount of $1,047,616.25, prejudgment and post-judgment interest at the statutory rate, costs and reasonable attorney's fees; and

70. Grant such further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>December 1, 2022 | AGUILAR BENTLEY<br><br>By: __*s/ Lisa Bentley*_____<br><br>Lisa Bentley<br>Anne Burton-Walsh<br>5 Penn Plaza, 19th Floor<br>New York, New York 10001<br>Phone: (646) 648-0469<br>           (917) 216-7236<br>lbentley@aguilarbentley.com<br>aburtonwalsh@aguilarbentley.com<br>*Attorneys for Plaintiff Oliver Wyman* |

11